UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID EARL ISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:17-cv-00277-LJM-MJD |
| | ) |
| JAMES STEVEN COX Judge, | ) |
| MELVIN WILHELM Prosecutor, | ) |
| CHRISTOPHER D. HUERKAMP Deputy Prosecutor, | ) |
| HUBERT BRANSTETTER my attorney at the time -- now judge, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Motion to Proceed *in forma pauperis*,
Dismissing Complaint, and Directing Further Proceedings**

**I.**

Plaintiff David Ison's motion to proceed *in forma pauperis*, dkt. [2], is **granted**. He shall have **through July 17, 2017**, to pay an initial partial filing fee of $11.88.

**II.**

Ison is an inmate at the Wabash Valley Correctional Facility, serving a term of imprisonment for his murder convictions. Ison now sues those involved in the murder prosecution for their conduct in the course of those proceedings. Specifically, he alleges that his rights under *Boykin v. Alabama*, 395 U.S. 238 (1969) – the right to be informed of the privilege against compulsory self-incrimination, right to trial by jury, and the right to confront ones accusers – were violated. He sues Judge Steven Cox, prosecutor Melvin Wilhelm, deputy prosecutor Christopher Huerkamp, and his attorney Hubert

Branstetter for their roles in the alleged violation. He seeks relief in the form of monetary damages, for him to be "discharged," and for the defendants to be disbarred, among other things.

Because Ison is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Ison, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on this screening, the complaint must be **dismissed.** First, Judge Cox is entitled to judicial immunity for actions taken in the course of court proceedings even if Ison believes he acted improperly. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978). The prosecutors, Wilhelm and Huerkamp, are similarly entitled to immunity. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

The claims against Branstetter for his actions in the course of representing Ison must also be **dismissed**. The legal basis for the claim against Branstetter is unclear. To the extent that Ison brings his claims pursuant to 42 U.S.C. § 1983 for violation of his

federal rights, he cannot state a claim against Branstetter. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). Acting as Ison's attorney, Branstetter was not acting under color of state law; this is true whether Branstetter acted as a private attorney or a public defender. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981)(public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). Even if Ison had a viable federal claim against Branstetter, because Ison's conviction has not been overturned, the time would not be ripe to bring such a claim. This is because the settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *See Heck v. Humphrey,* 512 U.S. 477 (1994); *see also Levine v. Kling*, 123 F.3d 580, 583 (7th Cir. 1997) (plaintiff who had not made successful collateral attack on his conviction could not maintain an action for legal malpractice). Put another way, any challenge in federal court to unlawful custody must be brought in a habeas action,

rather than a civil rights action. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). Once his state court post-conviction proceedings have concluded, Ison may consider filing a federal habeas challenge. In the meantime, he should pursue any remedies he has regarding his state court proceedings in state court, through an appeal or otherwise.

### III.

For the foregoing reasons, the complaint is dismissed. Ison shall have **through July 17, 2017**, to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: ___6/16/2017___

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID EARL ISON
905813
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838